UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Joshua Alger,

                Plaintiff(s)                 Civil Action No. 18-cv-13280

v.                                               Judge Matthew F. Leitman

ECF Dentist, et al.,

                Defendant(s)

_____/

## ORDER STAYING CASE

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint survived screening under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), therefore,

IT IS ORDERED that:

1.     Pursuant to Administrative Order 18 AO 019 this action will participate in the Pro Se Prisoner Early Mediation Program.

2.     This action is stayed for a period of ninety (90) days to allow plaintiff and defendant(s) an opportunity to participate in mediation to settle their dispute before the defendant(s) are formally served, an answer is filed, or the discovery process begins. This process is governed by the Mediation Procedure (Attachment A).

3.     No other pleadings or papers may be filed, and the parties may not engage in formal discovery during the ninety-day stay.

4.     The 90-day period for the defendant(s) to be served under Federal Rule of Civil Procedure ("F.R.Civ.P") 4(m) is tolled.

5. If no settlement is reached and this case proceeds in the normal course of litigation, the Mediation Referral Judge has the authority to lift this stay and the 90-day time period for service under F.R.Civ.P. 4(m) will begin to run on the date the stay order is lifted.

6. Subsequent to the entry of orders regarding service of process, the Mediation Referral Judge will return the case to the docket of the district judge.

7. Plaintiff is directed to show this Order to his or her Assistant Resident Unit Supervisor ("ARUS") upon receipt to schedule a date and time to see the Pro Se Prisoner Early Mediation Program's educational video that explains the program.

s/Matthew F. Leitman
Matthew F. Leitman
United States District Judge

Date: November 28, 2018

# Attachment A
# Mediation Procedure

**EXCLUSION**

1. Any party who seeks to have this case excluded from the prisoner mediation program, must file a "motion to exclude case from mediation" on or before twenty-one (21) days after the date of this order. The responding party has seven (7) days to file a response. No reply may be filed. Thereafter, the Mediation Referral Judge will decide the matter and issue an order.

**MEDICAL RECORDS PRODUCTION**

1. If medical claims are made in the complaint, the Michigan Department of Corrections ("MDOC") is required to give plaintiff a medical records release form to sign within seven (7) days of this order. Plaintiff is required to sign and return the medical records release form within seven (7) days from the date the form it is received.

2. Upon receipt of the medical records release form, the MDOC is required to produce all medical records relevant to the raised medical claims to the attorney representing Defendant Corizon and the Plaintiff, within 14 days of the date on the medical release form.

**SERVICE**

1. The Court will serve a copy of the stay order by U.S. mail on plaintiff and will informally serve (by electronic means) a copy of the order and a copy of plaintiff's complaint on (1) the Michigan Department of Attorney General, care of: [insert name(s) and email address(es) of relevant individual(s)]; (2) [insert information for third-party contractor defendants (e.g., employees of Corizon, Trinity Services Group, etc.)] care of: [insert name(s) and email address(es) of relevant individual(s)].

2. For defendants who are current or former state employees (as opposed to employees of a third-party contractor such as Corizon or Trinity Services Group), the Department of Attorney General will enter a limited appearance for the sole purpose of early mediation. For defendants who are employees of a third-party contractor, counsel for defendant's employer will appear on their behalf solely for early mediation. To accomplish informal service for the early mediation program, the Court maintains contact information for the individuals in the paragraph above, who will accept informal service. If early mediation is unsuccessful, defendants will be served (by waiver of service of summons or formal process), and counsel must appear as usual in an ordinary case.

3. The Michigan Department of Attorney General, and counsel for other defendants, must enter their limited notice of appearance for purpose of early mediation within twenty-one (21) days from the date this order is entered in the ECF system. No defenses or objections, including lack of service, are waived as a result of filing the limited notice of appearance.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Joshua Alger,

                Plaintiff(s)                         Civil Action No. 18-cv-13280

v.                                                       Judge Matthew F. Leitman

ECF Dentist, et al.,

                Defendant(s)
_____/

## Pro Se Prisoner Early Mediation Waiver

United States District Court for the Eastern District of Michigan has approved a *Pro Se* Prisoner Early Mediation Program for all eligible pro se prisoner civil rights cases to allow for possible resolutions of claims without costly and time-consuming litigation. This case has been identified for mediation having not been excluded from the program. Plaintiff must return the signed Waiver form before the mediation conference. Plaintiff's failure to sign and submit this Waiver form will mean that your case will be removed from the Mediation program and it will proceed in the normal manner.

1. I understand that a mediator is an independent attorney who has been trained to mediate cases and has no authority to force a settlement. I understand that the mediator is not my attorney or representative. I also understand that the mediator is not employed by of the Michigan Department of Corrections or any Michigan Department of Corrections contractor.

2. I understand that a settlement is a compromise.

3. I understand and agree that the mediation conference is confidential and I will not discuss the matter with anyone.

4. I understand and agree that, if my case settles, all current and future claims with regard to my complaint are resolved.

5. I understand that any settlement reached is a final resolution of my case and is not appealable.

6. I understand that there are no fees for my participation in this mediation program but that I am still responsible for paying the full filing fee regardless of any settlement that may be reached.

7. I understand and agree that I am not under any pressure or threat to sign this waiver.

8. I understand that by signing this waiver, I agree to release and hold the mediator harmless from any and all claims, actions, lawsuits, attorney grievances, damages and judgments, including fees, arising out of, or relating to, my participation in the *Pro Se* Prisoner Early Mediation Program.

9. I understand that if I violate any of the conditions of this waiver, I may be held responsible for all costs, up to and including damages, losses and fees, including reasonable attorney fees, for the violation.

I certify that I am at least 18 years of age, of sound mind, not under the influence of any substances or medications that prevent my understanding of this Waiver, and that I have carefully read and fully understand it.

_____  _____
Plaintiff's Signature                                                       Date


_____
Plaintiff's Printed Name


This waiver must be submitted to the *Pro Se* Case Administrator along with the mediation statements in the self-addressed envelope provided at least ten (10) days before the mediation conference.