EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA ALGER,

    Plaintiff,                                         Case No. 18-cv-13280
                                                           Hon. Matthew F. Leitman

v.

ECF DENTIST, *et al.*,

    Defendants.

_____/

**<u>ORDER TO SUPPLEMENT OBJECTIONS (ECF NO. 38)
TO REPORT AND RECOMMENDATION (ECF NO. 31)</u>**

Plaintiff Joshua Alger is an inmate in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Alger alleges that Defendant Bobby Echols, a dentist employed by the MDOC, was deliberately indifferent to his medical needs in violation of the Eighth Amendment.[1] (*See* Compl., ECF No. 1.) More specifically, Alger contends that on April 22, 2015, three of his teeth broke when he bit into a meatball that contained a metal clamp and that Echols wrongfully removed his teeth instead of fixing them. (*See id.*, PageID.5-7.)

---

[1] Alger's Complaint contained additional claims against additional Defendants, but the claim against Echols is the sole claim remaining in the action at this point. The Court previously dismissed the claims against most of the other originally named Defendants (*see* Order, ECF No. 5), and Echols is the only non-dismissed Defendant who has been served with the Summons and Complaint.

On September 3, 2019, Echols filed a Motion for Summary Judgment. (*See* Mot. for Summ. J., ECF No. 21.) Echols argues that Alger's claim fails as a matter of law because Alger failed to properly exhaust the administrative remedies available to him, as required under the Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e(a). (*See id.*, PageID.122-24.) In particular, Echols contends that the Court should dismiss Alger's claim because Alger failed to pursue the claim through all three levels of the MDOC grievance process. (*See id.*) In response, Alger argues that his failure to complete the grievance process does not bar his claim because the process is not truly an available remedy. (*See* Pla.'s Resp. to Mot. for Summ. J., ECF No. 25.) In a supporting affidavit, Alger attests that while incarcerated, he has filed several hundred grievances against the MDOC and its staff and that every single one of them has been resolved against him. (*See* Pla.'s Supl. Affidavit, ECF No. 25, PageID.180-181.)

On April 24, 2020, the Magistrate Judge issued a Report and Recommendation on Echols' motion for summary judgment. (*See* R&R, ECF No. 31.) The Magistrate Judge recommended that Echols' motion for summary judgment be granted because Alger did not exhaust administrative remedies. (*See id.*, PageID.214.)

Alger has now filed objections to the Report and Recommendation. (*See* Objections, ECF No. 38.) He argues, among other things, that the Magistrate Judge

erred by failing to recognize that the MDOC's grievance process was not an available remedy and that his failure to pursue that process thus does not bar his claims. Alger directs the Court to the decision in *Ross v. Blake*, 136 S. Ct. 1850, 1859, 195 L. Ed. 2d 117 (2016). In *Ross*, the Supreme Court explained that while the PLRA requires an inmate to exhaust administrative remedies before filing suit, the PLRA contains a textual exception to the exhaustion requirement. "Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross*, 136 S.Ct at 1858. The Supreme Court further explained that "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. Alger seems to suggest that the MDOC's grievance procedure was unavailable under *Ross* because the MDOC consistently rejected the myriad grievances that he filed.[2] But Alger has not cited any case in which any federal court has found the MDOC's grievance process to be unavailable under *Ross* for the reasons he advances here.

---

[2] Alger also cites an expert report concerning the MDOC's grievance process provided to this Court over thirty years ago in the case of *Hadix v. Johnson*, 694 F. Supp. 259 (E.D. Mich. 1988). That report does not shed any light on the current state of grievance processing and consideration by the MDOC.

The Court has decided to give Alger an opportunity to find and submit to the Court decisions in which federal courts have found administrative remedies to be unavailable for reasons like those he advances here and based on facts like he alleges here. Simply put, Alger should direct the Court to cases, if any, in which federal courts have found that a prison system's grievance procedure is unavailable under *Ross* on the ground that the system has consistently rejected a large number of grievances. By not later than February 1, 2021, Alger shall file a supplemental brief identifying and discussing this case law (if it exists). Echols may file a brief responding to Alger's supplemental brief by February 22, 2021.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 4, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 4, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764