UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA ALGER,

    Plaintiff,

v.

Case No. 18-cv-13280
Hon. Matthew F. Leitman

ECF DENTIST, *et al.*,

    Defendants.

_____/

**ORDER (1) SUSTAINING OBJECTIONS (ECF NO. 38) TO REPORT AND RECOMMENDATION (ECF NO. 31), (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 21), AND (3) CONDITIONALLY APPOINTING PLAINTIFF COUNSEL**

Plaintiff Joshua Alger is an inmate in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Alger alleges that Defendant Bobby Echols, a dentist employed by the MDOC, was deliberately indifferent to his medical needs in violation of the Eighth Amendment.[1] (*See* Compl., ECF No. 1.) More specifically, Alger contends that on April 22, 2015, three of his teeth broke when he bit into a meatball that contained a metal clamp and that Echols wrongfully removed his teeth instead of fixing them. (*See id.*, PageID.5-7.)

---

[1] Alger's Complaint contained additional claims against additional Defendants, but the claim against Echols is the sole claim remaining in the action. The Court previously dismissed Alger's claims against most of the other originally-named Defendants (*see* Order, ECF No. 5), and Echols is the only non-dismissed Defendant who has been served with the Summons and Complaint.

1

On September 3, 2019, Echols filed a Motion for Summary Judgment. (*See* Mot. for Summ. J., ECF No. 21.) Echols argues that Alger's claim fails as a matter of law because Alger failed to properly exhaust the administrative remedies available to him, as required under the Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e(a). (*See id.*, PageID.122-124.) In particular, Echols contends that the Court should dismiss Alger's claim because Alger failed to pursue the claim through all three levels of the MDOC grievance process. (*See id.*) In response, Alger argues that his failure to complete the grievance process does not bar his claim because the grievance process was not truly an available remedy under the Supreme Court's decision in *Ross v. Blake*, 136 S.Ct. 1850 (2016). (*See* Alger Supp. Br., ECF No. 54, PageID.357-359.) In *Ross*, the Supreme Court held that under the PLRA, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Ross*, 136 S.Ct. at 1855. The court then explained that a remedy is not available where: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it"; or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-1860.

On April 24, 2020, the assigned Magistrate Judge issued a Report and Recommendation on Echols' motion for summary judgment (the "R&R"). (*See*

2

R&R, ECF No. 31.)  The Magistrate Judge recommended that the Court grant Echols' motion for summary judgment be granted because Alger did not exhaust his administrative remedies.  (*See id.*, PageID.214.)

Alger has now filed objections to the R&R. (*See* Objections, ECF No. 38.) He has also submitted several supplemental briefs at the direction of the Court. (*See* Alger Supp. Brs., ECF Nos. 48, 54.)  In his most recent filing, and in an affidavit and exhibits that he attached to that filing, Alger insists that his failure to exhaust his claims against Echols should be excused because the MDOC's grievance process was not an available remedy under *Ross*. (*See* Alger Supp. Br., Aff., and Exs., ECF No. 54.)  More specifically, Alger says that the grievance process operated as a "dead end" and that his attempts to file grievances were "thwarted" by MDOC personnel. (*Id.*)

The Court has carefully reviewed Alger's objections, affidavits, and exhibits and concludes that he has raised factual questions about whether the remedies he allegedly failed to exhaust were "available."  These questions are most appropriately resolved by way of a bench trial. *See*, *e.g.*, *Lee v. Willey*, 789 F.3d 673, 679 (6th Cir. 2015) (holding that "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury") (quoting *Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013)).  The Court will therefore **SUSTAIN** Alger's objections,

**DENY** Echols' Motion for Summary Judgment, and set this matter for a bench trial on the issue of whether Alger failed to exhaust his administrative remedies.

In addition, the Court will conditionally appoint Alger counsel for purposes of the bench trial.  This matter is therefore **REFERRED** to the Court's *pro bono* program for the appointment of counsel.  The Court will also **STAY** this action for a period of 90 days while the Court attempts to obtain *pro bono* counsel for Alger.  If *pro bono* counsel is not obtained within 90 days, the stay will be lifted, and Alger will proceed to the bench trial *pro se*.  If counsel is appointed, the Court will schedule a status conference with counsel to discuss the bench trial and whether the parties need to take any additional discovery before the bench trial.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that:

- Alger's objections to the R&R (ECF No. 38) are **SUSTAINED**;
- Echols' Motion for Summary Judgment (ECF No. 21) is **DENIED**;
- This matter is **REFERRED** to the Court's *pro bono* program; and
- This matter is **STAYED** for a period of 90 days so that the Court may attempt to obtain *pro bono* counsel for Alger.

**IT IS SO ORDERED.**

                                            s/Matthew F. Leitman
                                            MATTHEW F. LEITMAN
                                            UNITED STATES DISTRICT JUDGE

Dated:  September 3, 2021

   I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 3, 2021, by electronic means and/or ordinary mail.

             <u>s/Holly A. Monda</u>
             Case Manager
             (810) 341-9764