UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA LEVI ALGER,

        Plaintiff,

v.

BOBBY ECHOLS,
C. ALLEN, and
J. CHOI,

        Defendant.
_____/

Case No. 4:18-cv-13280
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART, DENYING IN PART, and RESOLVING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 63) & REQUIRING FACE TO FACE CONCURRENCE ATTEMPT REGARDING PLAINTIFF'S SECOND MOTION TO COMPEL (ECF No. 70)

### A. Background

As set forth in the operative pleading, this matter concerns dental injury Plaintiff allegedly suffered when eating lunch at the Michigan Department of Corrections (MDOC) Oaks Correctional Facility (ECF) on April 22, 2015. (ECF No. 1, PageID.5, 7.) The only remaining claims "are those against Defendants Bobby Echols, C. Allen, and J. Choi related to the removal of Alger's teeth." (ECF No. 5, PageID.70.) Yet, the Court's September 3, 2021 order controls the scope of this case, noting that Plaintiff "has raised factual questions about whether the remedies he allegedly failed to exhaust were 'available.'" (ECF No. 56,

PageID.457-458.)  *See Ross v. Blake*, 578 U.S. 632, 643 (2016) ("an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or *consistently unwilling* to provide any relief to aggrieved inmates." (emphasis added)).  Thus, the current posture of this case goes beyond biting into a meatball and dental care – it goes to whether the grievance process has consistently been made available to Mr. Alger.

      **B.**     **Plaintiff's motion to compel**

Currently before the Court is Plaintiff's January 5, 2022 motion to compel discovery (ECF No. 63), which takes issue with Defendant Echols's December 29, 2021 responses to Plaintiff's requests for production (ECF No. 63-2).  Defendant Echols has filed response (ECF No. 67), Plaintiff has filed a reply (ECF No. 68), and the parties have filed a joint list of resolved/unresolved issues (ECF No. 69). Judge Leitman referred the motion to me for a hearing and determination.  (ECF No. 64.)  A hearing via Zoom was held on February 25, 2022, at which Plaintiff Alger, his counsel (Attorney Frank J. Lawrence, Jr.), and counsel for Defendant Echols (Assistant Attorneys General Michael R. Dean and Sara Elizabeth Trudgeon) appeared and the Court entertained oral argument regarding the motion.

2

C.   Order

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel the production of documents that fall within Request for Production of Documents Nos. 1 through 7 (ECF No. 63, PageID.513 & ECF No. 63-2) is **GRANTED IN PART**, **DENIED IN PART**, and **DEEMED MOOT IN PART** as follows:

1.   **RTP 1, 2, 3, 4 & 6:**  To the extent Plaintiff seeks "copies of all grievances and resulting investigations, including what other grievance-related information exists, if any, that is stored within MDOC grievance 'databases,'" (ECF No. 63, PageID.496, 504-509), this request is not satisfied by Defendant Echols's production of Plaintiff's Step 3 grievance report (ECF No. 67-3).  Defendant **SHALL** produce full Step 3 grievance packets for all available under its "creation date plus six years" retention policy.  Also, as for all Step 1 and Step 2 grievances which did not advance to a Step 3 grievance, for which the retention period is only 3 years, Defendant Echols need not go through each and every grievance, which is too onerous; instead, Defendant Echols **SHALL** identify at which facilities Plaintiff was incarcerated (likely via a "lock history"),[1] contact the respective wardens, establish dates Plaintiff filed

---

[1] Plaintiff was paroled from the MDOC on November 4, 2021 and is currently located in Colorado.  (*See* www.michigan.gov/corrections, "Offender Search."). During the hearing, Alger claimed he had been housed at various MDOC facilities, some more than once.  He specifically mentioned G. Robert Cotton Correctional Facility (JCF), Earnest C. Brooks Correctional Facility (LRF), Oaks Correctional Facility (ECF), Macomb Correctional Facility (MRF), Woodland Center Correctional Facility (WCC), Gus Harrison Correctional Facility (ARF), Ionia Correctional Facility (ICF), Kinross Correctional Facility (KCF), and Chippewa Correctional Facility (URF).

grievances, and produce them, to the extent they can be located as filed by date.

2. **RTP 5:** To the extent Plaintiff seeks production of "all kites and related paperwork," because he "was repeatedly placed on Modified Grievance Access whereby kites were required in order to seek leave to even file a grievance," (ECF No. 63, PageID.496, 509-510), Plaintiff **SHALL** execute an authorization for release of medical records to his counsel in order to facilitate production of kites containing HIPAA protected content. It is not proportional to require production of *all* kites, even if they were generally available, which they apparently are not; however, Defendant Echols **SHALL** produce only the sub-portion of the kites that is relevant and proportional to this case, namely: (a) any kites submitted by Plaintiff when he was on Modified Grievance Access, *i.e.*, when he was required to use kites to obtain leave to file grievances; and, (b) any of Plaintiff's kites which have been maintained as part of the ongoing dental care class action, as discussed on the record.

3. **RTP No. 7:** To the extent Plaintiff seeks "any emails or other electronic communications received by or sent to Defendant Echols that concern Plaintiff Alger," (ECF No. 63-2, PageID.521), or "all communications sent to Defendant Echols concerning Alger," (ECF No. 63, PageID.496, 510-512), this has been resolved by a post-motion supplemental search. The Court is not opining that Plaintiff was improper in requesting this material, although its relevance and proportionality is questionable within the limited current scope of discovery. In that context, Defendant Echols's December 29, 2021 objection was substantially justified. Accordingly, Plaintiff's request for expenses or fees connected with the post-motion disclosure (ECF No. 69, PageID.698-699) is **DENIED** pursuant to Fed. R. Civ. P. 37(a)(5)(A)(ii).

Defendant Echols has until **March 22, 2022** by which to produce the

grievance and kite materials described above, assuming Plaintiff tenders a timely

4

medical release in his counsel's favor. In arriving at the above conclusions, the Court has considered the proper scope of discovery defined by Fed. R. Civ. P. 26(b)(1), in particular that parties may obtain discovery "proportional to the needs of the case" in its unique procedural posture. Finally, to the extent Plaintiff seeks "reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A)" for the motion itself (ECF No. 63, PageID.513, 503; ECF No.69, PageID.699), the Court will not award such expenses or fees, because neither party prevailed in full and such an award is purely discretionary in such circumstances. *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court *may* issue any protective order authorized under Rule 26(c) and *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." (emphases added)). Additionally, in the unique circumstances of the limited discovery in this case, such an award would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

As for Plaintiff's February 23, 2022 second motion to compel (ECF No. 70, 72), which Judge Leitman has referred for hearing and determination (ECF No. 71), counsel are required to meet for a minimum of one hour <u>face to face – either in person or via video conference</u> – before the Court will consider or set a hearing for this motion. The parties **SHALL** file written certification of this meeting no later than **Friday, March 11, 2022**. The Court is hopeful that this conference will

result in resolution of the underlying motion, in which case the parties may submit a stipulation and order resolving the motion or Plaintiff may withdraw the motion – in either case via CM/ECF. If the parties are unsuccessful in resolving the motion, then they **SHALL** submit a joint statement, in accordance with my Practice Guidelines for Discovery Motions, telling the Court what has and what has not been resolved, at which point the Court will consider whether a hearing is warranted. The parties must keep the Court promptly advised as to any progress made in resolving the motion going forward.

    **IT IS SO ORDERED.**

Dated: February 28, 2022

                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE